IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dwayne Adams, ) | C/A No. 6:24-cv-04308-JD-KFM |
| ) | |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Warden Edgefield FCI, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## ALLEGATIONS

**Petitioner's Conviction and Sentence**

The petitioner is currently serving a sixty month sentence (to be followed by four years supervised release) after pleading guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). *See United States v. Adams*, C/A No. 8:22-cr-00106-KKM-CPT, at doc. 153 (M.D. Fla. May 11, 2023). The petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B). *Id*. at doc. 183. The petitioner did not appeal his conviction or sentence.

**Petitioner's Present Action**

In the instant matter, the petitioner challenges the execution of his sentence, arguing that he is not being provided appropriate credits under the First Step Act ("FSA") (doc. 1). The petitioner contends that he has fully exhausted his administrative remedies

(*id*. at 1–2). The petitioner's only ground for relief is that he is entitled to earn FSA time credits because his conviction is not ineligible to earn credits under the FSA (*id*. at 2–3). For relief, the petitioner seeks to have his sentence recalculated so he can be released (because he is entitled to release if he were given credit for FSA time credits) (*id*. at 3). In support, the petitioner asserts that he is eligible to earn credits under the FSA based on two cases from the United States District Court for the Western District of Washington (*id*.). Attached to the petitioner's petition, the petitioner has provided copies of his administrative remedy forms (doc. 1-1).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the petitioner filed this action seeking relief pursuant to 28 U.S.C. § 2241. However, for the reasons that follow, his case is subject to summary dismissal. Because the petitioner was incarcerated in the District of South Carolina at Edgefield Federal Correctional Institution ("FCI Edgefield") at the time this petition was filed and names the warden at FCI Edgefield as the respondent, his § 2241 petition is properly

under consideration by this court. As noted, here, the petitioner seeks an order instructing the BOP to recalculate his sentence to reflect FSA time credits (doc. 1). However, as set forth in more detail below, the petition is subject to summary dismissal.

Unlike a § 2255 motion, which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000). "Generally, a § 2241 petition 'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *see United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks to the "computation and execution of the sentence rather than the sentence itself"). As noted, the petitioner seeks an order instructing the BOP to recalculate his sentence based on the FSA (doc. 1). *See Diaz v. Warden, FCI Edgefield*, C/A No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting that a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations," including time credits) (citing *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004)).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks and citation omitted)). Exhaustion allows prison officials to develop a factual record and provides "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Any arguments not advanced at each

step of the administrative appeal are procedurally defaulted. *See McCullough v. Warden of FCI Williamsburg*, C/A No. 8:19-cv-00630-BHH-JDA, 2019 WL 3308276, at *3 (D.S.C. Mar. 27, 2019), *report and recommendation adopted by* 2019 WL 3306099 (D.S.C. July 23, 2019) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002)). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005). Although the exhaustion of administrative remedies is not waivable, *United States v. Jeter*, 161 F.3d 4 (4th Cir. 1998) (table), some courts have held that the judicial exhaustion requirement of § 2241 may be excused by courts for discretionary reasons, such as where requiring exhaustion would be futile. *See, e.g.*, *Dunkley v. Hamidullah*, C/A No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007). Nevertheless, courts have emphasized a petitioner's failure to exhaust administrative remedies may be excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445 (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir. 2001)). Here, the petitioner contends that he has fully exhausted his administrative remedies (docs. 1; 1-1) and it appears for purposes of this report and recommendation to have exhausted his administrative remedies.

      Nevertheless, even though the petitioner exhausted his administrative remedies, his petition is still subject to dismissal for failure to state a claim. The FSA governs the calculation of federal prison sentences and allows eligible inmates to earn additional time credits to be applied toward time in pre-release custody or supervised release. *See Mancillas v. Fed. Bureau of Prisons*, C/A No. SAG-22-2767, 2023 WL 5404229, at *5 (D. Md. Aug. 22, 2023) (internal citations omitted). However, to be eligible to earn time credits under the FSA, an inmate must not have a conviction for a disqualifying

4

offense. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant to the instant matter, a prisoner is not considered eligible to receive time credits if the prisoner is serving a sentence for a conviction under certain provisions of law, including:

> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof.

*Id*. § 3632(d)(4)(D)(lxvi). One of the above-referenced sections, 21 U.S.C. § 841(b)(1)(B), covers the penalties for distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). 21 U.S.C. § 841(b)(1)(B). Here, as noted above, the petitioner pled guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and was sentenced pursuant to 21 U.S.C. 841(b)(1)(B). *See United States v. Adams*, at docs. 153; 183. Accordingly, the petitioner's conviction falls into the category of convictions that are ineligible for time credits under the FSA and his petition should be denied.

Despite the foregoing, the petitioner relies on two cases from the United States District Court for the Western District of Washington and argues that these two cases require he be eligible for time credits under the FSA (doc. 1 (citing *Espinoza v. Barron, et al*., C/A No. 2:23-cv-00967-JHC-TLF, 2023 WL 7497036 (W.D. Wash. Oct. 23, 2023), *Report and Recommendation adopted by* 2023 WL 7496343 (W.D. Wash. Nov. 13, 2023); *Sierra v. Jacquez, et al*., C/A No. 2:22-cv-01509-RSL-BAT (W.D. Wash. Dec. 27, 2022), *Report and Recommendation adopted by* 2023 WL 184225 (W.D. Wash. Jan 13, 2023)). However, the cases relied on by the petitioner do not support the petitioner's assertion that he is entitled to FSA credits. First, *Sierra* involved the application of a provision not at question in the instant matter – a provision preventing deportable prisoners

5

from earning FSA time credits. *See Sierra*, 2022 WL 18046701. The petitioner in this action has not argued that he is ineligible for time credits under the FSA based on his citizenship status; instead, the denial is based on the nature of his conviction. As such, *Sierra* provides no basis for relief for the petitioner. *Espinoza* is likewise inapplicable to the instant matter. The court in *Espinoza* recognized only that the petition had been mooted by the BOP's determination that the petitioner in *Espinoza* was eligible for time credits under the FSA – it did not make a ruling or determination that the petitioner was (or was not) entitled to time credits under the FSA. *See Espinoza*, 2023 WL 7497036. Additionally, the petitioner in *Espinoza* – unlike the petitioner in this case – pled guilty to importation of methamphetamine, importation of heroin, and importation of fentanyl in violation of 21 U.S.C. §§ 952, 960 the Controlled Substances Import and Export Act (not to a violation under the Controlled Substances Act, as in this case). *See United States v. Espinoza*, C/A No. 3:19-cr-01244-W, at docs. 55; 70 (S. D. Cal.). In light of the foregoing, neither *Sierra* nor *Espinoza* provide a basis for relief for the petitioner.

Moreover, courts within this circuit have found prisoners ineligible to receive time credits under the FSA based on convictions similar to those of the petitioner herein (and for petitioners sentenced under the same statute as the petitioner). *See Williams v. Carter*, C/A No. SAG-23-2207, 2024 WL 3200705 (D. Md. June 27, 2024); *Degollado v. Ray*, C/A No. 5:23-cv-00257, 2023 WL 5764285 (N.D. W. Va. Aug. 17, 2023) (dismissing habeas petition because the petitioner was not eligible to receive time credits under the FSA due to his convictions involving fentanyl), *Report and Recommendation adopted by* 2023 WL 5751436 (N.D. W. Va. Sept. 6, 2023). As such, the petitioner is ineligible to receive time credits under the FSA because he has a disqualifying conviction; thus, this petition should be dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the petitioner's § 2241 petition be dismissed without requiring the respondent to file a return because the petitioner is not entitled to FSA time credits. Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). ***The petitioner's attention is directed to the important notice on the next page.***

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

August 29, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).