IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Adams, | Case No.: 6:24-cv-4308-JD-KFM |
| Petitioner, | |
| vs. | **ORDER AND OPINION** |
| Warden Edgefield FCI, | |
| Respondent. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 12), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Petitioner Dwayne Adams's ("Petitioner" or "Adams") Section 2241 habeas corpus petition.[1]

### A. Background

Adams, a pro se federal prisoner, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden Edgefield FCI ("Warden Edgefield" or "Respondent"). According to the Report (DE 12), Adams is serving a sixty-month sentence (to be followed by four years of supervised release) after pleading guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). *See United States*

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

*v. Adams*, C/A No. 8:22-cr-00106-KKM-CPT, at DE 153 (M.D. Fla. May 11, 2023). Adams was sentenced under 21 U.S.C. § 841(b)(1)(B). (*Id.* at DE 183.) Adams did not appeal his conviction or sentence.

In this matter, Adams challenges the execution of his sentence, arguing that he is not being provided appropriate credits under the First Step Act ("FSA") (DE 1). Adams contends that he has fully exhausted his administrative remedies (*id.* at 1–2), and his only ground for relief is that he can earn FSA time credits because his conviction is not ineligible to earn credits under the FSA (*id.* at 2–3). For relief, Adams seeks to recalculate his sentence so he can be released (because he has a right to release if given credit for FSA time credits) (*id.* at 3).

## B. Report and Recommendation

The Magistrate Judge reviewed Adams' petition under the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Since Adams is pro se, the Magistrate Judge also liberally construed his pleadings because he is held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

Accordingly, on August 29, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report found that:

> a prisoner is not considered eligible to receive time credits if the prisoner is serving a sentence for a conviction under certain provisions of law,

---

[2] The Rules Governing Section 2254 apply to habeas actions brought under § 2241. *See* Rule 1(b).

> including: (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof. *Id*. § 3632(d)(4)(D)(lxvi)

(DE 12 at 5.) To that end, since Adams "pled guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and was sentenced pursuant to 21 U.S.C. 841(b)(1)(B)[,]" the Report recommended Adams's petition be summarily dismissed because his conviction falls into a category of convictions ineligible for time credits under the FSA. (DE 12 at 5.) On September 19, 2024, Adams objected to the Report. (DE 15.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

3

### D. Petitioner's Objection

Adams objects to the Report, arguing that Respondent "cannot categorically make prisoners ineligible for such credits in a manner that contravenes [the] statutory scheme set forth in 18 U.S.C. § 3632[,]" citing *Espinoza v. Barron, et al.*, C/A No. 2:23-cv-00967-JHC-TLF, 2023 WL 7497036 (W.D. Wash. Oct. 23, 2023), *Report and Recommendation adopted by* 2023 WL 7496343 (W.D. Wash. Nov. 13, 2023). (DE 15 at 1.) Although the District Court for the Western District of Washington in *Espinoza* is not controlling here, Adam cannot rely on *Espinoza*. The Magistrate Judge considered *Espinoza* and found,

> The court in *Espinoza* recognized only that the petition had been mooted by the BOP's determination that the petitioner in *Espinoza* was eligible for time credits under the FSA – it did not make a ruling or determination that the petitioner was (or was not) entitled to time credits under the FSA. *See Espinoza*, 2023 WL 7497036. Additionally, the petitioner in *Espinoza* – unlike the petitioner in this case – pled guilty to importation of methamphetamine, importation of heroin, and importation of fentanyl in violation of 21 U.S.C. §§ 952, 960 the Controlled Substances Import and Export Act (not to a violation under the Controlled Substances Act, as in this case). *See United States v. Espinoza*, C/A No. 3:19-cr-01244-W, at docs. 55; 70 (S. D. Cal.).

(DE 12 at 6.) Adams's objection does not overcome this explanation, and therefore, the Court overrules Adams's objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 12) and incorporates it here by reference.

4

It is, therefore, **ORDERED** that Petitioner's petition is dismissed without prejudice, without leave to amend, and without issuance and service of process. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS** SO **ORDERED**.

*Joseph Dawson III*

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 4, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5